UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SCOTT CUNNINGHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:07CV50(LMB) ) |
| BOB HOLDER, et al., | ) ) |
| Defendants. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Scott Cunningham for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Also before the Court is plaintiff's motion for appointment of counsel [Doc. #4] and the motion of defendants Holder and Dunklin County Sheriff's Department to dismiss the case [Doc. #6]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Bob Holder, the Dunklin County Sheriff's Department, the Dunklin County Task Force, the SEMO Task Force, and the Missouri State Police - Highway Patrol. Liberally construing the complaint, plaintiff alleges that excessive force was used against him during his arrest in 1999. Plaintiff further alleges that he is being harassed with an "ongoing illegal investigation" which includes "illegal wiretaps" and the use of helicopters to place him under surveillance.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The applicable limitations period for claims under 42 U.S.C. § 1983 is borrowed from the state's statute of limitations for general personal injury claims. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Missouri, the applicable statute of limitations for general personal injury claims is five years. Mo. Rev. Stat. § 516.120(4). Plaintiff was arrested in 1999 - more than five years ago. Therefore, plaintiff's excessive force claim is time barred.

Plaintiff's claim that the Missouri State Police - Highway Patrol are using illegal wiretaps and misusing various computers should be dismissed because this state agency is not a "person" for purposes of a § 1983 action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 63 (1989). Finally, plaintiff's claim that he is being watched by helicopter and "out of jurisdiction" does not rise to the level of a constitutional claim. In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that motion of defendant Holder and the Dunklin County Sheriff's Department to dismiss the case [Doc. #6] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 2nd day of May, 2007.

*[signature: Stephen N. Limbaugh]*

SENIOR UNITED STATES DISTRICT JUDGE